**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| iM3NY LLC, *et al.*,[1] | Case No. 25-10131 (BLS) |
| Debtors. | (Jointly Administered) |

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO IMPLEMENT A KEY EMPLOYEE INCENTIVE PLAN**

The official committee of unsecured creditors (the "Committee") appointed in the chapter 11 bankruptcy cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by and through its undersigned counsel, hereby submits this limited objection (the "Limited Objection") to the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Implement Key Employee Incentive Plan and (II) Granting Related Relief* [Docket No. 48] (the "Motion").[2] In support of this Limited Objection, the Committee respectfully states as follows:

**LIMITED OBJECTION**

1. The Committee recognizes that it is often beneficial for debtors to incentivize key employees to stay through the conclusion of a sale process. While the Committee does not oppose the general concept of an appropriately-structured incentive program, the Committee submits that the Debtors have not met their burden of proving that these Chapter 11 Cases support the incentive program (the "KEIP") proposed in the Motion.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their respective tax identification numbers, are as follows: (i) iM3NY LLC (N/A); and (ii) Imperium3 New York, Inc. (4574). The address of the Debtors' corporate headquarters is 1093 Clark Street, Endicott, New York 13760.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2.   As currently proposed, it does not appear that the KEIP is an incentive program but is rather an expensive retention plan for an insider, which is impermissible under the Bankruptcy Code. Among other things, the KEIP participant is entitled to receive compensation for closing *any* sale, without having to reach benchmarks.

3.   The Debtors, as the proponents of a bonus plan, have the burden of providing evidentiary support to establish that their bonus program is not a disguised retention plan governed by section 503(c)(1) of the Bankruptcy Code. *See In re Hawker Beechcraft, Inc.*, 479 B.R. 308, 314 (Bankr. S.D.N.Y. 2012) ("[t]he proponent of the KEIP bears the burden of proving that the plan is not a retention plan governed by § 503(c)(1)"); *In re Residential Capital, LLC*, 478 B.R. 154, 170 (Bankr. S.D.N.Y. 2012) ("In order to show that the more permissive § 503(c)(3) applies, the Debtors must establish by a preponderance of the evidence that the [KEIP] is primarily incentivizing and not primarily retentive."); *In re Mesa Air Grp., Inc.*, No. 10-10018 (MG), 2010 Bankr. LEXIS 3334, at *5-6 (Bankr. S.D.N.Y. Sept. 24, 2010); *In re Dana Corp.*, 351 B.R. 96, 102 (Bankr. S.D.N.Y 2006) ("*Dana I*"); *In re Glob. Home Prods., LLC*, 369 B.R. 778, 783-85 (Bankr. D. Del. 2007).

4.   For a bonus plan to be incentivizing, it should be tied to significant goals that are difficult to achieve. *See e.g.*, *In re Dana Corp.*, 358 B.R. 567, 583 (Bankr. S.D.N.Y. 2007) ("*Dana II*") (court approved long-term incentive plan where benchmarks were "difficult targets to reach and [were] clearly not 'layups'"); *Hawker Beechcraft*, 479 B.R. at 313-15 (court rejected proposed bonus plan where lowest levels of proposed metrics were "well within reach"); *Residential Cap.*, 478 B.R. at 17172 (court rejected proposed bonus plan where participants had to remain employed by debtors to receive payment, and there was a lack of challenging performance metrics). As

currently proposed, the KEIP has no benchmarks, and is closer to a "layup" than a "difficult target."

5. In addition, the Committee submits that the KEIP should only be paid from Sale proceeds, prior to the payment of secured debt. Given that the Debtors' proposed Sale is not likely to provide any recovery to unsecured creditors, it would be inappropriate to saddle the estates with additional administrative claims—that are not currently covered by the DIP budget—for the sole benefit of the Debtors' secured lender. *See In re R.H. Macy & Co.*, 170 B.R. 69, 74 (Bankr. S.D.N.Y. 1994) (a debtor in possession has "an affirmative, overarching duty to reorganize and maximize estate assets for the benefit of all creditors," not just a select few).

6. The Committee understands that the Debtors are in the process of renegotiating the proposed KEIP to align more closely with the requirements of the Bankruptcy Code and require benchmarks to be achieved prior to the payment of any proposed bonus. As such, the Committee will continue to engage with the Debtors' professionals and is hopeful that the parties can work collaboratively to address the Committee's concerns. The Committee nevertheless files this Limited Objection to, among other things, present its position to the Court and to reserve its rights. Absent appropriate modifications, the Motion should be denied.

## **RESERVATION OF RIGHTS**

7. Nothing contained herein shall constitute a waiver of any of the Committee's rights or remedies under the Bankruptcy Code or applicable law, including, without limitation, the right to modify or supplement this Limited Objection prior to or at any hearing to consider approval of the Motion.

WHEREFORE, the Committee respectfully requests that, absent modifications to the proposed KEIP, the Court should deny the Motion and grant such other and further relief as the Court deems just and proper.

Dated: February 19, 2025
      Wilmington, Delaware

Respectfully submitted,

*/s/ Ethan H. Sulik*
Christopher M. Samis (No. 4909)
R. Stephen McNeill (No. 5210)
James R. Risener III (No. 7334)
Ethan H. Sulik (No. 7270)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email:   csamis@potteranderson.com
           rmcneill@potteranderson.com
           jrisener@potteranderson.com
           esulik@potteranderson.com

-and-

Robert J. Gayda (admitted *pro hac vice*)
Catherine V. LoTempio (admitted *pro hac vice*)
Andrew J. Matott (admitted *pro hac vice*)
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 574-1200
Facsimile:  (212) 450-8421
Email:  gayda@sewkis.com
         lotempio@sewkis.com
         matott@sewkis.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*